UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| IN RE: ROBERT TAULER | § § § § § § § § § § | Civil Action No. 1:21-mc-00675-RP |

**GARY E. ZAUSMER'S OBJECTIONS AND RESPONSES
TO ROBERT TAULER'S SUBPOENA**

To:   Robert Tauler, Tauler Smith LLP, 626 Willshire Blvd, Suite 510, Los Angeles, CA 90017.

**COMES NOW**, Gary E. Zausmer ("Zausmer"), and pursuant to Federal Rules of Civil Procedure 45, provides the following objections and responses ("Objections") to Plaintiff's Subpoena to Produce Communications, served on his office on August 9, 2021.

Respectfully submitted,

*/s/ Martha Dickie*

Martha Dickie
MDickie@abdmlaw.com
State Bar No. 00000081
Ethan J. Ranis
eranis@abdmlaw.com
State Bar No. 24098303
ALMANZA, BLACKBURN, DICKIE & MITCHELL, LLP
2301 S. Capital of Texas Highway, Bldg. H.
Austin, Texas 78746
Phone: (512) 474-9486
Fax:    (512) 478-7151

**ATTORNEYS FOR GARY E. ZAUSMER, LISA PAULSON, MICHAEL MARIN, CARL PIERCE, DAVID WHITTLESEY, KEVIN COLE, AND VIKTOR OLAVSON, AS MEMBERS OF THE ADMISSIONS COMMITTEE OF THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been sent via courts electronic filing system and/or e-mail to the parties listed below, on this 23rd day of August 2021.

Robert Tauler
Tauler Smith LLP
626 Willshire Blvd, Suite 510
Los Angeles, CA 90017
rtauler@taulersmith.com

*/s/ Martha Dickie*
Martha Dickie

## OBJECTIONS TO SUBPOENA

**REQUEST NO. 1:** All communications referring or relating to the present case and/or to Robert Tauler.

**OBJECTIONS:**

Zausmer objects on the grounds that this request is overbroad and vague, since it does not define which aspects of the "present case" it refers to and does not seek a specific category of communications regarding Robert Tauler. Zausmer objects that the request is irrelevant to the extent the matter under review will be decided by the Court, which already has in its possession requested, requisite documents in accordance with Local Rule AT-1(d)(3). Zausmer further objections on the grounds that this request seeks communications that are confidential and protected as privileged.

Further, this Subpoena appears to seek communications made to or from Zausmer in his role as a member of the Admissions Committee of the Western District of Texas — Austin Division ("Admission Committee" or "Committee"). The Admissions Committee, and Zausmer as a member thereof, objects to providing the communications requested because:

> (i) The Admissions Committee serves at the behest of the Court; its deliberations and processes and related communications and documentation are properly confidential, protected, and privileged.

> (ii) The scope of the Subpoena would require production of the Admissions Committee's confidential, protected communications, documentation, information, and deliberative processes.

> (iii) The Committee, pursuant to Rule 45, FED. R. CIV. P., asserts that the communications sought under the Request are privileged and confidential, including under the deliberative process privilege, and are being withheld.

> (iv) The Committee's recommendation against an applicant's admission is subject to the Court's review of the application, per the applicant's request, under Local Rule AT-1(d)(3)). Mr. Tauler has requested that the Court review his application. The Local Rule specifies that the Committee's Chair "will send the committee's file on the applicant to the court;" but the Rule does not require that the Committee or Chair of the Committee provide a copy to the applicant. Local Rule AT-1(d)(3). Since Mr. Tauler requested review of his application by the Court, and pursuant to the Court's directive, the Committee has forwarded to the Court all materials relied upon by the Committee in reaching its recommendation. The Committee has fulfilled its role in making a recommendation to the Court, and has no further role in this matter, making its communications, which are confidential, irrelevant for the purposes of this

proceeding.

Zausmer has no responsive documents outside of his role as a member of the Committee, which are being withheld as confidential and privileged.