IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **In re: Robert Tauler** | **Case No. 1:21-mc-00675** |

**OPPOSITION TO MOTION TO QUASH SUBPOENAS**

## OPPOSITION TO MOTION TO QUASH SUBPOENAS

The Admissions Committee deems it "harassing, if not abusive" that Respondent dare assert his constitutional rights to due process of law by questioning witnesses who intentionally withheld *ex parte* communications made by local scion Robert Kinney (opposing counsel of Respondent in pending federal judicial proceedings).  The Admissions Committee is wrong as a matter of constitutional law.  In the 1960's the Supreme Court found, in identical circumstances, that applicants to practice law have due process rights, and that procedural due process "requires confrontation and cross-examination of those whose word deprives a person of his livelihood." *Willner v. Committee on Character and Fitness* (1963) 373 U.S. 96, 103.

As the Court may remember, Respondent sought to subpoena the same witnesses in *MWK v. Jowers*, Case No. 1:18-cv-00444)(*Kinney v. Jowers*).  In denying Respondent's request for evidence of the Admissions Committee's collaboration with Robert Kinney (who is the Plaintiff in addition to being opposing counsel in *Kinney v. Jowers*), former Magistrate Judge Andrew Austin did not address any of the due process arguments raised then, denying the motion to compel on the sole ground that the Admission's Committee's communications with Robert Kinney were "not relevant" to the *Kinney v. Jowers* matter.  Surely then, the communications are relevant here, where the Admissions Committee, influenced by the Kinney Letter (Exhibit A), engaged in a long and circuitous plan (lasting over five months) to obstruct Respondent's ability to practice law in the Western District of Texas, despite the fact that Respondent is a member of the Texas State Bar, the Northern District of Texas, the Eastern District of Texas, and the Fifth Circuit Court of Appeals, as well as all courts in his home state of California.

Contrary to the Admissions Committee's assertions, a governmental body (including an "arm" of a governmental body) cannot simply "discharge" it's duties once it has attempted to

deprive a member in good standing of the Texas Bar of the right to practice law in a federal district court in this state. Testimony regarding the evidence the Admissions Committee relied upon, how evidence was provided to them, and their decision-making (or lack thereof) are necessary to assess the basis of their conclusion. Among other things, committee members who acted as decision-makers have relevant testimony as to:

- Why it took the Admissions Committee over five months after Mr. Tauler's application on September 15, 2020 to come to their conclusion that they would not recommend Mr. Tauler for admission when their own rules require them to make a decision within three months.[1]

- Whether the Admissions Committee has <u>ever</u> recommended that an attorney admitted to the Texas State Bar and the Fifth Circuit Court of Appeals not be admitted to practice in the Western District of Texas, and if so, on what grounds.

- Why the Admissions Committee never bothered to contact any of the three references provided by Mr. Tauler as part of its "investigation" into his "character."

- Whether or not *ex parte* communications from a litigant and local lawyer Robert Kinney (including the Kinney Letter) influenced the Admissions Committee decision-making and in what manner.

- Why the Admissions Committee did not inform Mr. Tauler of the existence of the Kinney Letter at any time prior to their decision, despite being explicitly asked for any communications from Robert Kinney in a letter dated January 29, 2021 (Exhibit B).[2]

---

[1] "The review and approval process generally will take 45 to 60 days unless the Committee requires additional information from the applicant." (https://www.txwd.uscourts.gov/wp-content/uploads/Attorney%20Application%20and%20Registration/Austin/Requirements%20for%20Applications%20Submitted%20to%20the%20Austin%20Division.pdf)

[2] "I am currently counsel of record in the matter of *MWK Recruiting, Inc. et al. v. Evan Jow*ers. In conjunction with that case, the Hon. Judge Andrew W. Austin recently entered an Order in regards to my admission to the Western District that I believe necessary to bring to the Committee's attention. (attached as Exhibit H). The Court noted in this order that a third party has been providing the Committee with materials in order to influence the Committee's

OPPOSITION TO MOTION TO QUASH

- Why the Admissions Committee did not address the explanation provided in the January 29, 2021 letter as to the Rule 11 Sanction from 2018 in the *Avicenna* case (including that it was overturned on appeal).

- Why the Admissions Committee relied on a December 18, 2020 discovery ruling from Magistrate Judge Andrew Austin (filed over three months after Mr. Tauler's application) in making its determination, as well as when and how the Admissions Committee learned of the December 18, 2020 discovery ruling, which was, it appears, provided to the Admissions Committee *ex parte* by Robert Kinney.

- Why Gary Zausmer decided to email every Article III judge in the Austin Division when Respondent complained of the evidence of corruption outlined above.

- Why the Admissions Committee failed to impose or recommend any discipline on Robert Kinney for having *ex parte* communications with the Committee in order to influence a pending civil matter.

Certainly, neither Mr. Zausmer nor the other members of the Admissions Committee can wash their hands of their covert dealings now that the deed is done, as the moving papers suggest. The Admissions Committee's delays and secret reliance on *ex parte* communications from a locally based litigant and opposing lawyer in a pending case, along with the Admissions Committee's failure to provide the materials secretly provided to it by Robert Kinney are evidence that the Admissions Committee's decision was a *fait accompli*, designed to influence the pending civil proceedings in *Kinney v. Jowers* matter. There is nothing in the record to suggest otherwise, and the Admissions Committee's reluctance to appear in court to defend their conduct under oath only

---

decision on my application. *I humbly request that the Committee provide me with these communications so that I better respond to the Committee's inquiries*." (Emphasis added).

OPPOSITION TO MOTION TO QUASH

buffers the inexorable conclusion that their decision to restrain the ability of Respondent to practice law in this district was the result of back-door dealings, which has no place in a democratic system.

Indeed, no anonymous,[3] amorphous local committee should be allowed to determine whether or not a member of the Texas State Bar and Fifth Circuit can be allowed to practice law in a Texas federal district without having to answer for itself, particularly considering the evidence that the Admissions Committee purposely withheld materials from Respondent, despite his requests, to further obstruct his ability to defend himself before facing the present appeal.

Justice demands that all members of the Admissions Committee who had a role in the decision-making[4] as to Respondent explain their actions.

## I.     RELEVANT PROCEDURAL BACKGROUND

Counsel for Jowers initiated the process for admission to the Western District of Texas on or around September 15, 2020, over a year ago, based on the urging of Robert Kinney. Two weeks later, on September 30, 2020, Robert Kinney and his "co-counsel" secretly submitted a letter to the Admissions Committee containing scurrilous and fraudulent allegations. (Tauler Declaration, Exhibit A) Mr. Kinney has subsequently admitted (in February of 2021) that he communicated with the admissions committee because he believed it would influence the committee's deliberations, and that this would leave his litigation opponent, Evan Jowers, without counsel.

After asking for communications from the Admissions Committee informally in a letter dated January 29, 2021 and simply being ignored, Respondent served the Admissions Committee with a subpoena. The Admissions Committee responded in a letter dated February 23, 2021 that they would not produce any documents at all, on the grounds that information provided by outside

---

[3] The names of the members of the Admissions Committee are nowhere disclosed to the public. The undersigned visited the Admissions Committee's offices on January 5, 2021 to determine their names and was told they are not
[4] As noted previously (Dkt. 14) should any members of the Admissions Committee be willing to provide a declaration that they had no involvement in the above conduct, then there is no need to call them as a witness.

OPPOSITION TO MOTION TO QUASH

parties (including opposing counsel Kinney and Mort) are "privileged and confidential" without addressing any of the subpoena's specific requests. The Admissions Committee's letter, which is also designated as "confidential," provides that Local Rule AT-2 relating to "meet and confer" efforts had been complied with by way of the Committee's singular communication on the subject, incidentally the very same reason Judge Austin used foul language to describe the undersigned in his December 18, 2020 ruling.  (Tauler Dec. Ex. C).

Respondent moved to compel responses, and before being referred the matter by the presiding judge (as had occurred as to every single discovery motion previously), and without the Admissions Committee even filing a response to the Motion to Compel, Magistrate Judge Andrew Austin jumped in and issued yet another insulting and degrading order, accusing the undersigned (for no specific or apparent reason) with "erratic behavior and combative filings."  Judge Austin did not address any due process arguments advanced, but denied the motion based on relevance, (despite the fact this objection was never raised by the Admissions Committee): "Whether Robert Tauler's due process rights in regard to his application for admission to the bar of this Court have been violated is quite plainly not one of the issues presented in this lawsuit."  Thus, since Respondent's due process rights are relevant here, and no other basis for denying the subpoena was raised by Judge Austin, the Western District of Texas or its Admissions Committee.  Any argument made now regarding "harassment" has been waived.

## II.   ARGUMENT

### A.   Legal Standard.

A party may serve a subpoena to "(iii) command each person to whom it is directed to do the following at a specified time and place: *attend and testify*…" Fed. R. Civ. P. 45(a)(1)(A)(iii).

OPPOSITION TO MOTION TO QUASH

Under Federal Rule of Civil Procedure 45(c), a subpoena "may command a person to attend a trial, *hearing*, or deposition." No objection is made to the subpoenas under rule 45.

### B. Due Process Demands Production of the Documents Sought.

The requirements of procedural due process must be met before a district court can issue any recommendation regarding admission to practice. *Willner v. Committee on Character and Fitness*, 373 U.S. 96, 102 (1963). Moreover, the government cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment. *Schware v. Board of Bar Examiners*, 353 U.S. 232, 238—239; *Ex parte Garland*, 4 Wall. 333, 379, 18 L.Ed. 366, (the right is not "a matter of grace and favor").

Procedural due process "often requires confrontation and cross-examination of those whose word deprives a person of his livelihood." *Willner v. Committee on Character and Fitness* (1963) 373 U.S. 96, 103. In *Willner*, the committee for admission was provided *ex parte* communications regarding an applicant, and the committee refused to provide them to the applicant in a manner by which the applicant could defend himself against the accusations. According to *Willner*, an applicant for admission to practice law must be allowed to confront any witnesses who come forward against their interests. As the Court stated, "the need for confrontation is a necessary conclusion from the requirements of procedural due process in a situation such as this*." Id.* at 104. There need not be any evidence of impropriety by the Committee. Rather, it is enough that the Committee "*may* have been motivated in its conclusion by charges made against the petitioner by certain informants," since "the evaluation [] would necessarily depend upon estimates of credibility." *Id.* at 108 (concurring opinion of Justices Brennan, Stewart and Goldberg)(emphasis added).

OPPOSITION TO MOTION TO QUASH

Here, the Admissions Committee has not only been provided information *ex parte*, it was provided <u>by a locally based opposing litigant and opposing counsel in a currently pending matter</u>. The Admissions Committee has not explained its conduct in (1) waiting more than five months to make its initial decision; (2) failing to provide the Kinney Letter and other ex parte communications to Respondent when asked on multiple occasions; (3) basing its decision in part on language used by a local judge in a discovery ruling that happened over three months after Mr. Tauler's application, in the very same case Robert Kinney is a litigant; (4) not addressing the fact that the 2018 Rule 11 sanction was overturned on appeal in its February letter; (5) communicating with every Article III judge in this division that Respondent has raised concerns about wrongdoing in an attempt to further intimidate Respondent into backing down.

The notion that the Admissions Committee's communications with Robert Kinney (an opposing litigant and lawyer) are "privilege" is ludicrous.  Opposing litigants simply do not have the right to secretly communicate with an admissions board in order to influence their decision-making in matter which they are financially interested.  To argue otherwise is to authorize obstruction of justice through corruption.  The Court should reject these arguments.

Respondent has the right to cross-examine Mr. Zausmer and anyone else on the Committee who had a hand in the misconduct detailed above.  They are not "discharged" from their wrongdoing because their wrongdoing is the only reason this proceeding was initiated.

### III.   CONCLUSION

The Court should compel the Admissions Committee to comply with the Subpoena and order that any members of the Admissions Committee who dealt with this file be cross-examined.

DATED:  September 21, 2021                    Respectfully submitted,

                                              By:    */s/ Robert Tauler*
                                                     Robert Tauler, Esq.
                                                     Texas State Bar No. 24122095
                                                     Tauler Smith LLP
                                                     100 Congres Ave., Suite 2000
                                                     Austin, TX 78701

OPPOSITION TO MOTION TO QUASH

## DECLARATION OF ROBERT TAULER

I, Robert Tauler, hereby declare as follows:

1. I am respondent in this action. I have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts as stated herein.

2. Attached hereto as Exhibit A is a true and correct copy of a letter from Robert Kinney to the Admissions Clerk for the Western District of Texas, dated September 30, 2020.

3. Attached hereto as Exhibit B is a true and correct copy of a letter from myself to Gary E. Zausmer, dated January 29, 2021.

4. Attached hereto as Exhibit C is a true and correct copy of a letter from Gary E. Zausmer to the Western District of Texas Attorney Admissions Committee, dated February 23, 2021.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Los Angeles, California on September 21, 2021.

*/s/ Robert Tauler*
Robert Tauler

## CERTIFICATE OF SERVICE

I hereby certify that, on September 21, 2021, a true and accurate copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

                                                          */s/ Robert Tauler*
                                                          Robert Tauler