# EXHIBIT B



Robert Tauler, Esq.
Tauler Smith LLP
rtauler@taulersmith.com

January 29, 2021

**VIA E-MAIL**

Gary E. Zausmer
Enoch Kever
*gzausmer@enochkever.com*

      **Re: Western District of Texas Attorney Admissions Committee Communication**

Dear Mr. Zausmer:

    I am writing in response to your letter dated January 22, 2021. Below are further explanations to the following questions:

    **Question 15(b) of the Western District application asks if you have ever "been disbarred, suspended from practice, reprimanded, censured or otherwise disciplined or disqualified as an attorney." Please provide an explanation as to why you answered Question 15(b) "no."**

    I did not interpret this question to apply to the sanctions order in the *Avicenna* case. The *Avicenna* case was filed in 2016 and sought relief for false advertising against my client's competitor who falsely marketed its products as being patented when they were not. (See, *Avicenna* Complaint Exhibit A). The case proceeded through litigation and a motion for summary judgment was filed in February of 2018. The summary judgment motion was based on the grounds of "unclean hands" based on press releases issued on my client's website in 2011. The Court granted the summary judgment motion, and, on its own initiative, issued an Order to Show Cause re sanctions (there was no Rule 11 motion filed by opposing counsel) on the grounds that my client had stated that he was the assignee of a patent when he was not, however, the case was not about my client's ownership of any patent, in my opinion. Rather, it was a false advertising case. The following exchange from the hearing transcript of the sanctions hearing (attached in full as Exhibit B) illustrates part of the confusion:

        THE COURT: Look, here's what's important to me. What's important to me is that
        there's a patent in dispute or that's part of the subject matter of the litigation, both
        of you claiming apparently to own a patent or your product is protected by this
        patent.

        MR. TAULER: That's incorrect. It's a false advertising action for them saying
        they have a patent. We're competitors. Our standing is not based on ownership of

January 29, 2021

>any patent whatsoever. That was just -- the main part of the complaint -- that was background information about Mr. Alkayali. And his --
>
>THE COURT: I'm sorry. You kind of confused me on that.
>
>MR. TAULER: If I've learned anything from this, it would be to not have included that in the complaint because it was not germane to the cause of action. It was a false advertising complaint.
>
>THE COURT: What was the basis for the false action?
>
>MR. TAULER: Defendant was saying they had a patent. They did not have a patent.
>
>THE COURT: I see.

Nonetheless, the district court issued sanctions in the amount of $5,000 jointly and severally with my client on the grounds that the complaint was frivolous, which my client paid. On appeal, the 9th Circuit held unanimously that the appeal was not frivolous, therefore implicitly rejecting the premise that the complaint was frivolous (the sanctions Order was not explicitly appealed)(Exhibit C). In a split decision, the 9th Circuit affirmed the district court's ruling on summary judgment. *Id.*

**Question 15(c) asks if "any adverse action, formal or informal, [has] been taken against you by any grievance committee, court, or other disciplinary body or committee." Please provide an explanation as to why you answered Question 15(c) "no."**

I did not interpret this question to apply to the ruling in the *Avicenna* case since it refers to "any adverse action," which I interpreted to be limited to matters considered by a grievance committee (often comprised of judges), or by a disciplinary body, relating to ethical considerations. There are many instances where court rulings are adverse in a general sense, and I did not consider this question to call for a listing of any adverse ruling in any case I have litigated. This being said, I should have considered this question more carefully given the Committee's interpretation.

**Have you been reprimanded, sanctioned, held in contempt of court, or otherwise disciplined in any other causes of action? If so, please provide the name of the case, the cause number, the court, and a description of the court's action or a copy of the order.**

No.

**Have you failed to disclose any disciplinary action, sanctions, or contempt orders in your application for admission to the State Bar of Texas?**

Yes. The Texas State Bar was provided a report from the California State Bar containing three ethical complaints about me, all from opposing litigants. Specifically, the complaints to the

January 29, 2021

California State Bar were made by three defendants (Robert DiMaggio, Seth Williams, and Scott Cavell) whom my client sued in the supplement industry for false advertising of bodybuilding supplements that contained illicit substances. The California State Bar summary of these complaints is attached as Exhibit D.

     I was never made aware of the complaints of Robert DiMaggio and Seth Williams and for this reason did not reference them in my application to the Texas State Bar.  The California State Bar found that these two complaints did not warrant investigation because they had "no merit." My understanding is that the California State Bar did not contact me in regards to these two complaints for this reason.  Robert DiMaggio subsequently pled guilty for fraud for selling misbranded drugs (attached as Exhibit E), and I understand that Seth Williams is under investigation for the same crime.  My client was subpoenaed as a witness for the Robert DiMaggio matter, and I provided evidence to the government on behalf of my client to aid in the prosecution of Robert DiMaggio.

     I was aware of Scott Cavell's complaint and prepared a response to the California State Bar when they contacted me about it (attached as Exhibit F).  Scott Cavell subsequently pled guilty to selling misbranded drugs as well. (attached as Exhibit G).  I did not disclose Scott Cavell's complaint (or my response) because I was informed the California State Bar took no action on his complaint and the matter was closed.  As such, I did not believe it was within the scope of the question asked.

     I provided the above information regarding these three complaints to the Texas State Bar and they approved my application for admission on December 31, 2020.  I since obtained a certificate of good standing from the Texas State Bar and the Texas Supreme Court, on January 6, 2021, which I hand delivered to your office on the same day.

     I am currently counsel of record in the matter of *MWK Recruiting, Inc. et al. v. Evan Jowers*.  In conjunction with that case, the Hon. Judge Andrew W. Austin recently entered an Order in regards to my admission to the Western District that I believe necessary to bring to the Committee's attention.  (attached as Exhibit H).  The Court noted in this order that a third party has been providing the Committee with materials in order to influence the Committee's decision on my application.  I humbly request that the Committee provide me with these communications so that I better respond to the Committee's inquiries.

                      Thank you,

                       Robert Tauler, Esq.