UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

**SEP 30 2022**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

*IN RE*: ROBERT TAULER

No: 1:21-CV-00675-RP

## MOTION TO INTERVENE TO  UNSEAL THE ADMISSIONS COMMITTEE'S NEGATIVE RECOMMENDATION LETTER RE: APPLICATION OF ROBERT TAULER

### INTRODUCTION

Intervenor Mark Poe is a California attorney who brings this motion to ask the Court to unseal the letter issued by this District's Admissions Committee that recommended against admitting Mr. Robert Tauler to the bar of this Court.  ECF No. 1.  There does not appear to be any statutory or rule-based justification for filing or maintaining that letter under seal, and Mr. Poe has the permissive right to intervene regarding the sealing order on the ground that he is a defendant in a Florida legal action in which his defense "shares with the main action [*i.e.*, Tauler's admission to this Court's bar] a common question of law or fact."  Fed. R. Civ. P. 24(b).

### BACKGROUND

As the Court will recall, this miscellaneous matter concerned the admission of a California attorney called Robert Tauler to the bar of the Western District of Texas, to permit him to continue what had previously been his *pro hac vice* representation of Evan Jowers in the case captioned *MWK Recruiting, Inc. v. Jowers*, No. 1:18-cv-0444-RP (W.D. Tex.).  As the Court may recall from reviewing the Admissions Committee's work on Mr. Tauler's application,

1

Mr. Tauler holds particular animosity for the undersigned, who represents three among thousands of victims of a RICO mail-fraud scheme that had been perpetuated by Mr. Tauler's Los Angeles-based firm, Tauler Smith LLP. *See generally In re Outlaw Laboratory, LP Litig.*, 2020 WL 5552558 (S.D. Cal. Sept. 16, 2020) (order denying Tauler Smith's motion for summary judgment).[1]

The Court may further recall from reviewing Mr. Robert Kinney's letter opposing Tauler's admission that Tauler makes no secret of his animosity for the undersigned—at his deposition in the RICO case, Tauler referred to his examiner Mr. Poe as a "fucking idiot," and threatened, *inter alia*, that "I'm going to have you fully wrapped up like the little worm in my spider web," and that "[y]ou are going to get destroyed." *See* Decl. of Mark Poe, Ex. A at 2 (September 30, 2020 Letter from Robert Kinney to W.D. Tex. Admissions Committee) (quoting Tauler's deposition testimony).

Tauler first attempted to fulfill his oath to "destroy" the undersigned by suing Mr. Poe's firm in the Central District of California. That federal judge promptly dismissed Tauler's claim, while warning Mr. Tauler against filing frivolous lawsuits. *See Tauler Smith, LLP v. Valerio*, 2020 WL 1921789, at *5 (C.D. Cal. Mar. 6, 2020) (citing Fed. R. Civ. P. 11(b)(1), and observing that "by appearances," Tauler had filed the action for an "improper purpose"). Tauler has now undertaken a second effort to fulfill his oath, by inducing his client Evan Jowers to sue the undersigned in Florida—a state with which Mr. Poe has no connection, but which Jowers apparently calls home. Poe Decl. ¶ 2. The central allegation of Tauler and Jowers' Florida complaint is that when Mr. Kinney submitted his letter to the Admissions Committee opposing

---

[1] Tauler Smith's mail-fraud scheme (and Mr. Poe's efforts to stop it) are the subject of a fascinating 18-minute documentary produced by investigative reporters at Vice News, starring Mr. Tauler. *See* https://www.youtube.com/watch?v=_2CFq6NYWog&ab_channel=VICE.

Tauler's admission, he "copied and pasted" a paragraph from a brief that Mr. Poe had written (in the *Valerio* action noted above) and that "as a direct and proximate result" of Mr. Kinney's quoting of that paragraph, "the admissions committee recommended that the court reject [Tauler's] application to be a member of the bar of the court." Poe Decl. Ex. B (Jowers v. Poe First Amended Complaint ("FAC") ¶ 21). Jowers alleges that he was thereupon "forced to retain the services of another lawyer to secure [Tauler's] admission to the court's bar," FAC ¶ 22, and that because Mr. Poe's firm filed the Valerio Brief that Kinney quoted from, Mr. Poe is liable to Jowers for "the sum or value of $30,000.00." FAC ¶ 3.

The Court may further recall that the "other lawyer" whom Jowers engaged to challenge Tauler's negative recommendation was another California lawyer called Kevin J. Cole. Mr. Cole also happens to be defense counsel for Tauler's firm in the RICO action that Mr. Poe is prosecuting in the Southern District of California. Poe Decl. ¶ 4. Beyond that, Mr. Cole holds himself out as the leader of a "team" of lawyers doing business under the domain www.kjclawyer.com. That "team" includes yet another lawyer called Zachary Zermay, who represents Jowers in the Florida case against Mr. Poe. Poe Decl. ¶ 6. Immediately after Mr. Poe highlighted this connection between Tauler, Cole, and Zermay in a filing in the Florida action, someone (presumably the eponymous "KJC") took down the live version of the www.kjclawyer.com website, but a screenshot from September 11, 2022 is submitted herewith, demonstrating that connection. Poe Decl. ¶ 6; Ex. B (9/11/22 screenshot of www.kjclawyer.com/teams).

Finally, the Court may recall that on August 2, 2021, it issued an order in this matter observing that "[o]n February 16, 2021, the Committee recommended that Mr. Tauler's Application be denied *based on his failure to provide truthful answers to questions 15 (b) and (c)*

*on the Application form and a supplemental question submitted by the Committee.*" ECF No. 2 (emphasis added). Presumably, this rendition of the reason for the negative recommendation correctly recited the contents of the Admissions Committee's letter. The problem, however, is that Mr. Jowers (through his Tauler-adjacent counsel Mr. Zermay) is alleging to the state court in Florida that Tauler received the negative recommendation not because of "his failure to provide truthful answers" on his application as this Court recited, *id.*, but because Mr. Poe had written a brief in a California case, part of which Mr. Kinney repeated in his letter to the committee.

The Court is probably thinking: "How can it conceivably be a cause of action for Jowers to allege that Mr. Poe owes him $30,000 for having filed a brief in a California where he was adverse to Tauler?" That is a good question, but it is a merits question for the Florida court. At issue here is whether this Court should maintain the seal on Tauler's negative recommendation letter, where doing so would help facilitate Jowers' and Tauler's fraudulent allegation that the Admissions Committee recommended against Tauler's admission because of a brief Mr. Poe had written, rather than because Tauler had "failed to provide truthful answers" on his application, as this Court had recited.[2] ECF. No. 2.

Intervention should be granted because Mr. Poe's defense in the Florida case of *Jowers v. Poe* "shares with [this] main action a common question of law or fact," *i.e.*, the reason why Tauler received a negative recommendation. Fed. R. Civ. P. 24(b). And the seal should be lifted because to the undersigned's knowledge there is neither a rule nor a statutory basis for sealing the Admissions Committee's letter, particularly where that letter came to be the subject of Article III judicial proceedings initiated by Mr. Tauler.

---

[2] In correspondence, Jowers' Florida counsel Mr. Zermay has asserted that the Court's rendition of the reason was "'a purely gratuitous observation or remark'" by this Court that can be disregarded. Poe Decl. ¶ 8, Ex. D. Thus, to mount his defense Mr. Poe needs the letter itself.

**ARGUMENT**

## I.   THE COURT SHOULD GRANT INTERVENTION.

In *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Commission*, this Court recited the

standard for permissive intervention under Rule 24(b), and the three factors to consider:

> The question of permissive intervention is one left wholly to the court's
> discretion. *See United States v. City of New Orleans*, 540 Fed.Appx. 380, 381
> (5th Cir. 2013) (district court may deny permissive intervention even when the
> requirements of Rule 24(b) are met); *S.E.C. v. Stanford Int'l Bank, Ltd.*, 429
> Fed.Appx. 379, 382 (5th Cir. 2011) (permissive intervention is wholly
> discretionary with district court even though there is a common question of law
> or fact, or requirements of Rule 24(b) are otherwise satisfied). The relevant
> factors to consider are whether the motion was timely, the would-be intervenor
> has a claim or defense that shares with the main action a common question of
> law or fact, and whether the intervention will cause undue delay or
> prejudice. Fed. R. Civ. P. 24(b).

No. 1-15-CV-134 RP, 2015 WL 11613286, at *5 (W.D. Tex. Dec. 22, 2015).  Here, all three

factors suggest the Court should exercise its discretion to grant intervention.

**First**, this motion is timely.  The *Jowers v. Poe* case that includes the false allegation by

Mr. Jowers was initially filed just over two months ago on July 8, 2022, and was amended on

August 20, 2022 to include the new allegation that it was Mr. Poe's brief in the *Valerio* action

that was the "direct and proximate" cause of the negative recommendation.  Poe Decl. ¶ 7.  Mr.

Poe had no interest or motivation to seek intervention prior to those filings.

**Second**, Mr. Poe clearly has a defense in the *Jowers v. Poe* action that shares a common

question of fact with this main action, *i.e.*, the reason why Tauler received the negative

recommendation—whether it was because Mr. Kinney copied a paragraph from a (100% true)

brief written by Mr. Poe in a California case, or whether it was because Tauler submitted false

answers on his application.

**Third**, given that Tauler has been admitted to this Court's bar, no undue delay or undue

prejudice is even conceivable.  Certainly if granting this motion reveals that the negative

recommendation was made because Tauler made false answers on his application, that revelation

will be "prejudicial" to Jowers' lawsuit against Mr. Poe, but unearthing evidence that an attorney

and his client have initiated a legal proceeding on false pretenses can never by *undue* prejudice.

Finally, the fact that this is a closed case is not an obstacle to intervention.  As the Fifth

Circuit explained in *United States v. Texas*, "[b]ecause a district court may reopen an

administratively closed case sua sponte, *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167

(5th Cir. 2004), we find no abuse of discretion in the district court's timing and decision to

reopen the case."  457 F.3d 472, 476 (5th Cir. 2006).

Accordingly, leave to intervene under Rule 24(b) should be granted.

## II.    THE COURT SHOULD LIFT THE SEAL ON THE ADMISSIONS COMMITTEE'S LETTER.

In accepting ECF No. 1 for filing under seal, the Court does not appear to have made any

findings as to the propriety of sealing that document.  Nor does there appear to be any basis for

maintaining such records under seal under this District's Rule AT-1.  And the only authority that

movant is aware of under the federal rules for sealing court filings stems from Rule 26(c), which

pertains to protective orders.  There does not appear to be a protective order in place in this

action, and in any event, that rule only permits material to be kept under seal where public

availability might reveal "confidential research, development, or commercial information," or

might expose a person to "annoyance, embarrassment, oppression, or undue burden or expense."

Fed. R. Civ. P. 26(c)(1), (c)(1)(G).

Here, the Admissions Committee's letter certainly does not implicate the first category of

"commercial information."  And the only aspect of the second category that might be implicated

is "embarrassment" for Mr. Tauler, at having it publicly revealed that he had failed to provide

truthful answers on his application, and that that was the reason why the committee had

recommended against admitting him to this Court's bar. But the Court itself has already made that fact public in ECF No. 2, so it is far from clear what further "embarrassment" Tauler might suffer from having the seal lifted on the letter itself. This is particularly so where Tauler's client is using a false characterization of that letter as a weapon in litigation against a wholly unrelated party in a different state.

Moreover, the Fifth Circuit has repeatedly noted that "[t]he public's right of access to judicial proceedings is fundamental." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021); *see also SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (noting the "presumption of public access to judicial records."). While it might be *embarrassing* for Tauler to have the letter unsealed (and fatal to Jowers' frivolous claim in Florida against the undersigned), it is very hard to see how the public's interest is served by preventing the public from knowing that a given member of this Court's bar is the type of attorney who will give false answers in response to straightforward questions on something as simple as a bar application.

In the context of *Binh Hoa* and similar cases extolling the virtues of public judicial proceedings, it is important to note that this motion does not present the broader question of whether *all* negative recommendations of the Admissions Committee should be public. In the vast majority of those, the applicant presumably accedes to the recommendation, and thus does not become a member of this Court's bar such that the public has any interest in knowing the reasons for the recommendation. Here, however, Tauler chose to convert what might otherwise have been a private decision into "judicial proceedings," *Binh Hoa*, 990 F.3d at 418, by initiating a miscellaneous action to challenge the recommendation. Because the letter has apparently been filed in judicial proceedings, and because there is no basis under either the Local Rules or Rule 26(c) for maintaining that document under seal, the Court should grant this motion to unseal it.

**CONCLUSION**

For all of the foregoing reasons, the Court should grant Mr. Poe's motion to intervene in this matter, and to lift the seal from the Admissions Committee's February 16, 2021 letter recommending against Tauler's admission to this Court.

Dated:  September 25, 2022

Respectfully submitted,

Mark Poe, attorney pro se (CA SBN 223714)
3222 Noela Dr.
Honolulu, HI  96815
mpoe@gawpoe.com
650-799-8283